# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACQUELINE HOOD,

                Plaintiff,

v.

STATE OF WISCONSIN and UNIVERSITY OF WISCONSIN-MILWAUKEE,

                Defendants.

Case No. 23-CV-1339-JPS

**ORDER**

## 1. INTRODUCTION

On October 10, 2023, Plaintiff Jacqueline Hood ("Plaintiff"), proceeding pro se, filed this action against Defendants the State of Wisconsin and the University of Wisconsin-Milwaukee (together, "Defendants"), together with a motion for leave to proceed without prepaying the filing fee. ECF Nos. 1, 3. Finding that Plaintiff's complaint presented "significant pleading deficiencies," the Court allowed Plaintiff leave to attempt to correct those deficiencies in an amended complaint. ECF No. 4 at 1. This Order screens Plaintiff's amended complaint and, finding that it appears to raise issues more properly addressed on a petition for habeas corpus, dismisses this case without prejudice.

## 2. PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges that, on or about June 2, 2021, she was driving on Newberry Boulevard, when Sarah Heim ("Heim") stopped her and "accused [her] of violating laws." ECF No. 5 at 2. Plaintiff states that Heim was "employed by the [Defendant] University of Wisconsin-Milwaukee"

and "[held] herself out to be a security guard/police officer." *Id.* It appears that Plaintiff was criminally prosecuted based on this stop. *See State of Wisconsin v. Jacqueline Trinae Hood*, Milwaukee County Circuit Court Case No. 2021CF004037, *available at* https://wcca.wicourts.gov (last visited Dec. 22, 2023) (hereinafter the "2021 State Case").[1]

In the 2021 State Case, Plaintiff (there, the defendant) was charged with fleeing or eluding an officer, along with several traffic violations. *Id.* The issuing agency for the traffic violations is "UW-Milwaukee Police Department." *Id.* Judge Kori Ashley was the presiding official in the case. *Id.* Heim testified for the State of Wisconsin during a preliminary hearing at which the state court made a probable cause finding and bound Plaintiff over for trial. *Id.* at docket entry dated Mar. 16, 2022. Plaintiff was tried by a jury in April 2023; among other evidence, the jury heard testimony by Heim. *Id.* at docket entry dated Apr. 3, 2023. The jury found Plaintiff guilty of the conduct charged. *Id.* at docket entry dated Apr. 4, 2023. Plaintiff is currently seeking post-conviction relief in the case. *Id.* at docket entry dated Apr. 13, 2023; *see also* Wisconsin Court of Appeals Case No. 2023XX001391, *available at* https://wscca.wicourts.gov (last visited Dec. 22, 2023).

After being found guilty, Plaintiff was sentenced to eight months at the Community Reintegration Center. 2021 State Case at docket entry dated Apr. 4, 2023; *see also* ECF No. 6 at 3 (letter filed with amended complaint, referencing a period of incarceration).[2] A search of Plaintiff's name on the

---

[1]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[2]The Court will consider the factual allegations in this letter as part of the amended complaint. *See McDonald v. Brown*, No. 03 C 4568, 2004 WL 2106604, at *2 (N.D. Ill. Sept. 17, 2004) ("[F]or a *pro se* plaintiff the court considers the allegations contained in all documents filed with the court.") (citing *Gutierrez v.*

Wisconsin Offender Locator indicates that she is currently on active community supervision. *See* Offender Locator, Wis. Dep't of Corr., *available at* https://appsdoc.wi.gov/lop/ (last visited Dec. 22, 2023).

In this lawsuit, Plaintiff alleges that her constitutional rights were violated in various ways related to the 2021 State Case. Specifically, she alleges that Heim stopped her without probable cause. ECF No. 5 at 3. She does not, however, state what facts Heim allegedly knew in deciding whether to stop Plaintiff, nor does she explain why those facts did not amount to a proper legal basis to detain her.

She further alleges that her constitutional rights were violated during the 2021 State Case in several ways. She alleges that she "never had a chance for discovery to be done" in the case and that she was not allowed to cross-examine witnesses. *Id.* She also alleges that the state court judge, "Judge Ashly," was biased and found "that Sarah Himes [sic] was deputized with no proof or evidence[.]" *Id.* She also takes issue with the fact that her name, "Jacqueline Trina Hood," was "ambiguous or misspelled" in relation to the prosecution. *Id.*; *see also* ECF No. 6 at 3 (alleging "the state continue[d] to call me by someone [else's] name after I stated that my name was not the name I . . . [was] born to").[3]

---

*Peters,* 111 F.3d 1364, 1367 & n.2 (7th Cir. 1997) and *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992)).

[3]The Court notes that Plaintiff is subject to another open state criminal prosecution, in which she is raising similar concerns related to the spelling of her name. *See State of Wisconsin v. Jacqueline Trinae Hood*, Milwaukee County Circuit Court Case No. 2023CM000514, *available at* https://wcca.wicourts.gov (last visited Dec. 22, 2023) (hereinafter "2023 State Case"), docket entry dated Sept. 8, 2023 ("Defendant renewed her request to have her middle name amended to reflect the letter 'T' vs. the listed name of Trinea. . . . On review of defendant's drivers license[,] court adjourned the matter to a motion hearing as to amendment of the

Additionally, she complains that her lawyer in the state court matter (there were several, *see generally* 2021 State Case, and it is not clear which of her trial attorneys she is talking about) "stated he did not believe [her] and didn't give [her] [a] chance of a fair . . . hearing . . . ." ECF No. 6 at 3.

Plaintiff states that she lost her job because of the state prosecution. ECF No. 5 at 3. For relief she seeks $2 million in damages. *Id.* at 4.

3.  **SCREENING STANDARD**

When a pro se litigant seeks to proceed in forma pauperis, or without prepaying the filing fee, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2). Additionally, the Court must dismiss a case if it presents claims outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

middle name."); *see also id.* at docket entry dated July 17, 2023 (Plaintiff moving to dismiss the case "due to an issue with middle name being listed").

4.  **ANALYSIS**

Although Plaintiff has followed the Court's directive to add more factual allegations to her amended complaint, ECF No. 4 at 5–6, the amended complaint still has problems. The Court previously highlighted Plaintiff's extensive litigation history—both as a plaintiff and as a defendant—in the Wisconsin state courts. *Id.* at 6–7. Having now identified which of those state cases this federal action most likely pertains to, the Court sees two barriers to her proceeding.

First, because Plaintiff's amended complaint relates to ongoing state criminal proceedings in the 2021 State Case and/or the 2023 State Case, it is barred—at least presently—by the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (citing *FreeEats.com, Inc. v. Ind.*, 502 F.3d 590, 595 (7th Cir. 2007)); *Mann v. Brown*, 18 F. App'x 399, 402–03 (7th Cir. 2001) (*Younger* abstention applies even where a state trial court judgment is on appeal). Despite being specifically instructed as to the three exceptions to *Younger*, ECF No. 4 at 8 (citing *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 799 (N.D. Ill. 2014)), Plaintiff has not pleaded around them, and the Court sees no independent basis for their application. It appears that Plaintiff can, and therefore should, raise her constitutional claims in her appeal in the 2021 State Case and in pretrial and trial proceedings in the 2023 State Case.

Accordingly, even if this case presented claims cognizable in an action under 42 U.S.C. § 1983, the civil rights statute—which, as explained below, it does not at this time—*Younger* would mandate that this Court either stay or dismiss the case. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th

Page 5 of 12
Case 2:23-cv-01339-JPS   Filed 12/22/23   Page 5 of 12   Document 7

Cir. 2013) (explaining disposition of *Younger*-barred claims depending on form of relief sought).

Second, and independently of *Younger* abstention, Plaintiff's amended complaint pleads constitutional challenges related to a criminal conviction, and therefore raises the question of whether her claims are properly brought as civil rights claims under 42 U.S.C. § 1983, through a petition for habeas corpus, or both. "The general rule is that a plaintiff may not proceed on claims under 42 U.S.C. § 1983 that challenge the fact, duration or validity of [her] custody unless [s]he first obtains a ruling that [her] conviction or sentence has been reversed, expunged or invalidated in state court." *Jackson v. Lemmon*, No. 1:16-CV-2551-WTL-DKL, 2017 WL 11547938, at *2 (S.D. Ind. Feb. 2, 2017) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Preiser v. Rodriguez*, 411 U.S. 475 (1973)); *see also Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). "Attacks on the fact or duration of the confinement," which in the case of individuals subject to state supervision, encompasses the "'conditions' of parole" and supervision, "come under [the habeas statute, 28 U.S.C.] § 2254." *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) (citing *Preiser*, 411 U.S. at 500 and *Moran v. Sondalle,* 218 F.3d 647, 650–51 (7th Cir. 2000) (per curiam)).

The Court understands Plaintiff's amended complaint to make several constitutional challenges to the fact of her conviction in the 2021 State Case and, accordingly, the term of confinement (in the form of community supervision) that she is currently serving.[4] Specifically, she

---

[4] To the extent that Plaintiff wishes to make a constitutional challenge to the process she is receiving in the ongoing 2023 State Case, that must also be brought via habeas petition, but under a different statute: 28 U.S.C. § 2241. The Court provides further information below about the various statutes for seeking habeas corpus relief.

argues that Heim lacked a sufficient legal basis to detain her, and therefore violated her Fourth Amendment right against unreasonable seizure. Plaintiff further argues that the state court judge violated her rights under the Due Process Clause of the Fourteenth Amendment by ruling that Heim was "deputized" without sufficient evidence and by allowing an incorrect spelling of Plaintiff's name to appear in the record. The Court also construes the amended complaint to contain two Sixth Amendment claims: that Plaintiff was denied the right to cross-examine witnesses and was denied the right to effective assistance of trial counsel.

At this time, the correct way for Plaintiff to raise all of these claims is in the state courts, and then again later—if her state court challenges are unsuccessful—by federal habeas corpus petition. The thrust of Plaintiff's case is that she believes that Defendants violated her constitutional rights during one or more of the prosecutions against her. Considering the facts before it, the Court finds that this theory necessarily implies the invalidity of her state conviction and/or prosecution, and therefore constitutes an "[a]ttack[] on the fact . . . of [her] confinement" pursuant to the 2021 State Case (and, to the extent she challenges the 2023 State Case, to her *potential* confinement if that prosecution is successful). *Williams*, 336 F.3d at 579 (citations omitted).

Recall that Plaintiff was charged in the 2021 State Case with fleeing/eluding an officer as well as several traffic violations, and that Heim—the officer who pulled Plaintiff over—testified for the state both at Plaintiff's probable cause hearing and at trial. It appears that Heim's testimony as to why she pulled Plaintiff over was key evidence in securing both the charges against Plaintiff and her conviction. If the Court were to find for Plaintiff and conclude that Heim lacked probable cause to arrest

her, this would amount to "challenging the validity of the guilty verdict." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003); *cf. Rollins v. Willett*, 770 F.3d 575, 576–77 (7th Cir. 2014) ("The court held that whether the search had been unlawful could not affect the plaintiff's conviction because the conviction had not been based on any evidence introduced against him . . . ."); *see also Evans v. Poskon*, 603 F.3d 362, 363–64 (7th Cir. 2010) (explaining when "claims that concern how police conduct searches or arrests are [or are not] compatible with a conviction"). Similarly, if the Court were to adopt Plaintiff's arguments that her Due Process or Sixth Amendment rights were violated, that finding would be incompatible with her conviction. *See Maier v. Smith*, 912 F.3d 1064, 1074 (7th Cir. 2019) ("Fourteenth Amendment due process requires that the state must present sufficient evidence to prove each element of an alleged crime." (citing *Jackson v. Virginia*, 443 U.S. 307, 326 (1979))); *United States v. Nelson*, 39 F.3d 705, 708 (7th Cir. 1994) ("[T]he Sixth Amendment guarantees a defendant the right to cross-examine witnesses . . . ."); *Strickland v. Washington*, 466 U.S. 668 (1984) (discussing Sixth Amendment right to effective assistance of counsel).[5]

It is immaterial that Plaintiff seeks only damages and does not explicitly seek release or an order invalidating the basis of her confinement. *See Hanson v. Heckel*, 791 F.2d 93, 96–97 & n.7 (7th Cir. 1986) (explaining that deciding whether a claim should proceed as a § 1983 action or a habeas corpus petition depends on "the nature of the claim" and not "the relief sought," and collecting cases consistent with this holding). Irrespective of

---

[5]The Court is skeptical as to whether Plaintiff's allegation that her name was misspelled in the state court record in either the 2021 or the 2023 State Cases presents a cognizable Due Process claim, but it expresses no opinion on the issue.

the relief she seeks, Plaintiff may not simply run to the federal courts with putative civil rights claims when the state court criminal proceedings have not gone the way that she wanted.

Ordinarily, "collateral attacks disguised as civil rights actions should be dismissed without . . . prejudice[,]" thus allowing the plaintiff to decide whether to file a habeas corpus petition. *Williams*, 336 F.3d at 580; *see also Earls v. Fuchs*, No. 20-CV-635-PP, 2021 WL 1626481, at *2 (E.D. Wis. Apr. 27, 2021), *certificate of appealability denied*, No. 21-1799, 2021 WL 5102807 (7th Cir. Sept. 10, 2021) (explaining that courts may in some instances recharacterize pro se filings as habeas petitions, but since doing so "can have serious consequences," courts should decline to do so without notifying and warning the pro se litigant first (quoting *Castro v. United States*, 540 U.S. 375, 377 (2003))). The Court will do so here.[6] Plaintiff is free

---

[6]Even if this case was correctly brought at this time under § 1983, the amended complaint would still present problems. Initially, neither the State of Wisconsin nor the University of Wisconsin-Milwaukee—an agency of the state— is a proper defendant: first, because neither is a "person" within the meaning of § 1983 and, second, because states and state agencies have sovereign immunity from suit. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (collecting cases on each point). Each Defendant accordingly would be subject to dismissal from the action. 28 U.S.C. § 1915(e)(2)(B)(iii).

Second, although she references "Judge Ashly," Plaintiff does not name any state court official as a defendant, but to the extent she might try to sue the state court judge(s) involved in her prosecutions, such a defendant would likely be subject to dismissal on the basis of judicial immunity. *Hale v. Lefkow*, 239 F. Supp. 2d 842, 844 (C.D. Ill. 2003) ("Judicial immunity is a common law doctrine that shields judges from civil liability for their judicial actions." (citing *Tucker v. Outwater*, 118 F.3d 930, 932 (2d Cir. 1997)). The same would likely hold if Plaintiff attempted to sue the prosecuting attorneys, *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018) (collecting cases and noting prosecutors are generally "absolutely immune from [a] suit[] challenging conduct intimately associated with the judicial phase of the criminal process"), or her state defense attorney, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("With respect to Dodson's § 1983 claims against Shepard, we decide only that a public defender does not act under color of state

Page 9 of 12
Case 2:23-cv-01339-JPS   Filed 12/22/23   Page 9 of 12   Document 7

to challenge her state criminal proceedings via a habeas corpus petition, keeping in mind the below directives.

First, Plaintiff should determine the proper statute under which to proceed. Individuals wishing to challenge *completed* state criminal proceedings may do so under 28 U.S.C. § 2254. Meanwhile, challenges to a state case in a pretrial posture come under 28 U.S.C. § 2241. *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (citing *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (noting that a habeas petition may be brought pursuant to § 2241 by petitioners held for "some other reason, such as pre-conviction custody"). Plaintiff would use different forms to pursue relief under § 2241 versus § 2254; both forms are available on the Eastern District of Wisconsin's website.

In either case, Plaintiff must exhaust her state court remedies—in other words, present her constitutional arguments at every level of the state court system. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (prohibiting district courts from addressing claims raised in a habeas petition "unless

---

law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

In a parallel case, Plaintiff filed the exact same complaint as in this matter, except against a different defendant, Milwaukee County. *Jacqueline Hood v. State of Wisconsin et al.*, Case No. 23-CV-1338, ECF No. 5 (E.D. Wis. Nov. 22, 2023). As will be noted in the Court's screening order in that matter, there are no allegations against Milwaukee County in the amended complaint. Even if Plaintiff had named Milwaukee County as a defendant in this matter and made any factual allegations against it whatsoever, to sustain any constitutional claims against this entity, Plaintiff would have to allege that it engaged in a pattern or practice that led to constitutional harm. *Thomas v. Cook Cnty. Sherriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978) and *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674 (7th Cir. 2009)). The Court discerns no allegations in the amended complaint that even hint at a theory of a policy or practice of constitutional harm.

the state courts have had a full and fair opportunity to review them") (citing *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir. 1990)). Also, Plaintiff should note that her requested monetary relief is not available on a habeas corpus petition. *See Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005); *see also Annamalai v. Laird*, No. 16-CV-524-DRH, 2016 WL 3213340, at *2 n.1 (S.D. Ill. June 10, 2016) ("Monetary relief is not available to a petitioner in a habeas action.") (citing *Waletzki v. Keohane*, 13 F.3d 1079, 1081–82 (7th Cir. 1994)).

For all these reasons, the Court will dismiss this case without prejudice, because it presents constitutional claims that are not appropriate for resolution through a civil rights action at this time. Because the dismissal is without prejudice, Plaintiff remains free to bring her claims in a new § 1983 suit *after* her state criminal proceedings conclude, bearing in mind that she may be precluded from monetary damages if her criminal convictions remain in place. *See Heck*, 512 U.S. at 486. If she files such a suit, she should also keep in mind the Court's notes, *see supra* note 6, regarding who is a proper defendant and what elements must be pleaded.

### 5. CONCLUSION

For the reasons and on the terms stated above, this case will be dismissed without prejudice. Because the case is not proceeding, Plaintiff's motion for leave to proceed without prepayment of the filing fee, ECF No. 3, will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 3, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.